## D. H. Ewing's Sons v. Arnold.

(Decided June 1, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Damages—Evidence Held to Warrant Finding Injury was Cause of Heart Trouble, so that $6,000.00 Damages was Not Excessive.— In an action for injuries to an eight year old boy, who was struck by defendant's truck and had his leg broken, and who thereafter was found to be suffering from a leaking heart valve, which was almost certainly permanent and impaired his prospective earning capacity and endangered his life, evidence held sufficient to warrant the finding that the injury was the cause of the heart trouble, so that a verdict awarding $6,000.00 damages was not excessive.
2. Municipal Corporations—Evidence Held to Warrant Inference of Negligence in Approaching Boy at High Speed Without Sounding Horn.—The fact that plaintiff, an eight year old boy, and two companions, started across the street in the middle of a block, and

that plaintiff stopped to get some snow, while his companions went on across, would reasonably indicate to an approaching driver that plaintiff was apt also to start across the street, so that the jury could infer therefrom that the driver was negligent in continuing toward plaintiff at a high rate of speed and without sounding his horn.

3. Negligence—Eight Year Old Boy Not Held Contributorily Negligent as a Matter of Law.—The court will not say, as a matter of law, that an eight year old boy was guilty of contributory negligence in starting across the street in front of defendant's automobile.

4. Appeal and Error—Instructions on Contributory Negligence, as if Eight Year Old Boy were an Adult, are Favorable to Defendant.— In an action for injuries to eight year old boy, instructions on an issue of contributory negligence, which were the same as if the plaintiff were an adult, cannot be complained of by defendant.

5. Municipal Corporations—Evidence Held to Warrant Inference Negligence was Proximate Cause of Injury.—In an action for injuries to an eight year old boy, who was struck by defendant's automobile while he was attempting to cross the street in the middle of a block, evidence held to warrant the inference that the excessive speed of defendant's automobile and his failure to sound his horn were the proximate cause of the injury.

6. Trial—Requested Instruction by Defendant Held Sufficiently Covered by Those Given.—A requested instruction that defendant's chauffeur had a right to believe plaintiff would not suddenly cross the street in front of his automobile was properly refused; the idea embodied therein being sufficiently covered by an instruction that, if defendant's chauffeur was observing his duties and plaintiff left the sidewalk suddenly and came within the path of the truck, so close in front of it that the chauffeur could not, in the exercise of ordinary care, stop or check its speed in time to avoid striking plaintiff, they should find for defendant.

FRED FORCHT for appellant.

CHAS. F. TAYLOR and EUGENE R. ATTKISSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellee, an infant eight years of age, was struck by an automobile truck owned and operated by D. H. Ewing's Sons, as he was crossing Walnut street just below 21st street, in the city of Louisville, on November 16, 1920. Suing by his next friend, he recovered a verdict and judgment for $6,000.00 for personal injuries thus sustained, and the defendant has appealed.

The grounds relied upon for a reversal are (1) that the verdict is excessive, (2) that the court erred in refusing its request for a peremptory instruction, and (3) in refusing to give two offered instructions.

1. When plaintiff was struck by the truck, he was caught in some way by the fender and dragged to a place within a few feet of where the truck was stopped. Both bones of his lower left leg were broken, as was his collar bone. He was confined to bed for about seven weeks, on crutches for about three weeks, and re-entered school about the first of February. He was in school about a month when the school nurse discovered that his heart action was defective and his general condition below normal. The evidence shows with but little contradiction that there was a complete recovery so far as fractured bones are concerned, but that since the accident his general health has been bad, and that he has valvular heart trouble, which is almost certainly permanent, and which not only impairs his prospective earning capacity but endangers his life.

If this leaking heart valve is the result of the injury, and it was negligently inflicted, there can be no ground whatever for the insistence that the verdict is excessive. His mother testified that he was normal, so far as she could discern, before the accident, and that his health had never been normal since. The physicians who testified for defendant admitted that it was possible the heart condition was caused by the injury, and those testifying for the plaintiff stated that in their judgment it was the proximate result thereof. There not only is no intimation that the boy ever had heart trouble prior to the accident, but it was first discovered in less than four months thereafter by the school nurse; and Dr. Bruce, employed by the defendant to attend plaintiff as soon as it was informed of the accident, testified that before reducing the fracture he administered an anaesthetic, and that before administering the anaesthetic he examined plaintiff's heart and found it normal.

The only possible explanation of the condition of the boy's heart, discovered so soon after the accident, was that sometimes it results from measles or scarlet fever. But he never had scarlet fever, and he had but a slight attack of measles before he was weaned. The only reasonable inference from the evidence, in our judgment, is that the boy's heart trouble is the direct and proximate result of the automobile accident.

We are therefore of the opinion that there is no merit in the contention that the verdict is excessive. No case cited by counsel for appellant gives support to its con-

trary contention, and the argument based upon the maximum allowance under the workmen's compensation act is without force or weight.

2.    The evidence is conflicting as to whether or not the defendant's chauffeur was driving the truck at an excessive speed at the time, and as to whether he sounded his horn as he approached the place of the accident. Just prior to the accident, plaintiff, with two companions about his own age, started across Walnut street, and plaintiff stopped momentarily to get some snow from the fender of an automobile standing near the sidewalk. The chauffeur testified that he saw plaintiff as he did this, and he must have seen his two companions run across the street ahead of him, and the visible circumstances were such that, in our judgment, prudent operation of the car not only required that it should have been brought well within the speed limit, but that the horn should have been sounded to warn the boy of its approach, although he was not at a crossing.

The facts here that, in our judgment, should have put defendant's chauffeur upon his guard and under the duty of sounding his horn and taking other reasonable precautions in anticipation that the boy would attempt to cross the street in front of the moving car, clearly differentiate it from the case of Louisville Ry. Co. v. Edelen's Admr., 123 Ky. 629, 29 K. L. R. 1125, 96 S. W. 901, upon which appellant relies.

We are therefore of the opinion the trial court did not err in refusing to direct a verdict for the defendant upon the theory that there was no proof of its negligence, nor would we be willing to say, as matter of law, that a child of such tender age was guilty of contributory negligence.

The court instructed the jury upon this latter question as though plaintiff were an adult, and defendant certainly has no reason to complain thereof.

Neither do we think there is any merit in the further contention that neither the failure to give the signal nor the excessive speed at which some of the evidence shows the automobile was being operated was the proximate cause of the accident, since if the horn had been sounded when in our judgment the chauffeur ought to have realized that the boy might attempt to follow his companions across the street before the car could pass him, the warning might have been sufficient to have prevented him from doing so, and if the car had been run-

ning at a moderate speed, the collision might have been avoided, notwithstanding his attempt to cross the street in front of it.

3. Instruction D, offered by the defendant, would have told the jury:

"That the defendant's chauffeur had a right to believe as he went west on Walnut street, that the child would remain in a place of safety, and would not suddenly run across the street in front of his automobile."

If we are correct in what we have already said with reference to the evidence, as we believe we are, it is apparent that the court properly refused to give this offered instruction.

The other instruction offered by defendant, informed the jury that they should not allow any damages for injuries to plaintiff's heart, if they believed from the evidence that it was not directly caused by the accident.

The fourth instruction given by the court dealt with and correctly covered this latter phase of the case, and instruction three embodied the idea contained in instruction D offered by defendant, and told the jury that if the chauffeur was observing his duties, and plaintiff left the sidewalk suddenly, and came within the path of the truck so close in front of it that the chauffeur could not, by the exercise of ordinary care and the use of the means at his command, stop his car or check its speed in time to avoid striking him, they should find for the defendant.

The given instructions therefore covered every idea embraced in both of these instructions offered by the defendant, and in our judgment gave to the defendant every protection to which it was entitled upon every view of the evidence.

Judgment affirmed.