## Myers v. Cassity.

(Decided March 27, 1925.)

### Appeal from Rowan Circuit Court.

1. Highways—Person Crossing Road in Front of Automobile Without Looking for it Held Guilty of Contributory Negligence as Matter of Law.—Where person who saw automobile approaching 300 yards away, and again when only 100 yards away, walked few feet further, and attempted to cross road in path of automobile without looking to see where it was, he was guilty of contributory negligence as matter of law.

2. Highways—Overruling Defendant's Motion for Peremptory Instruction Not Error, in View of Evidence Tending to Show Defendant Might have Avoided Accident Under Last Clear Chance Doctrine.—In action against automobilist for personal injuries to pedestrian who was guilty of negligence as matter of law, where there was some evidence that defendant might under last clear chance doctrine have avoided accident, refusing defendant's motion for peremptory instruction was not error.

3. Appeal and Error—Verdict for Plaintiff Contrary to Evidence of Contributory Negligence Held to Call for Reversal.—In action by pedestrian against automobilist for injuries, where evidence showed plaintiff's contributory negligence as matter of law, and case was not submitted to jury on last clear chance doctrine, ver-

dict for plaintiff was so contrary to evidence as to call for reversal.

4.   Trial—Jury should Follow Instructions, Even if Erroneous.—Jury has duty to follow instructions no matter how erroneous they are.

5.   Highways—On Evidence Showing Plaintiff Guilty of Contributory Negligence as Matter of Law, Only Question of Last Clear Chance should be Submitted to Jury.—In action by pedestrian against automobilist for personal injuries, if evidence shows plaintiff guilty of contributory negligence as matter of law, court should submit to jury only question of last clear chance.

D. B. CAUDILL and JAMES CLAY for appellant.

W. C. HAMILTON and LESTER HOGGE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On September 13, 1922, appellee left Morehead for Farmers in an automobile traveling the Midland Trail. About midways of the journey, this automobile was stopped for the purpose of making some adjustments upon it, and to that end it was parked close to the side of the road immediately behind two other machines likewise so parked, one behind the other. Opposite these machines and somewhat towards Morehead from the hindmost, was a group of men engaged in conversation. While waiting for the repairs on his machine, appellee joined these men and stayed with them until a horse, led by one of them, became frightened and started to back down the road. Appellee then left the group to return to his machine. At this juncture, appellant, driving an Overland automobile, also from Morehead to Farmers, came over the brow of a hill on the road about 300 yards distant from the parked machines and started to coast down to where these automobiles were. As she breasted the top of the hill, appellant sounded her horn, although some of appellee's witnesses did not hear it. Appellee, who was walking towards his machine on the side of the road opposite to where it was parked, admits that he saw appellant's automobile approaching him when it was some 300 yards away, and again when it was only 100 yards away, after which, although he walked a few feet further and then started to cross the road in its path, he never took the time or trouble to see where it was. He says that the reason he did not look again towards appellant's machine was because he thought, although he did not know, that her car had stopped.

There was nothing in the facts to justify this belief on his part, for the machine never stopped and it was obvious to appellee from the two observations which he did make that appellant's automobile was getting closer and closer to where he was. As appellee crossed the road to his machine, appellant's automobile, then but a few feet away from him, collided with him, but appellant stopped her car before the wheels passed over his body. All witnesses testified that appellant was going slow and the space within which she stopped her automobile shows that she had it under control. The court gave the jury the usual instructions concerning the duty of the appellant to keep a lookout ahead, to sound her horn, to have the car under reasonable control, and to exercise ordinary care to avoid injuring the appellee, and also the usual contributory negligence instruction. On these instructions, and the customary ones covering the measure of damages and definitions of negligence and ordinary care, the jury found a verdict in favor of appellee in the sum of $500.00, from which appellant appeals.

Under the closely analogous case of Louisville Railway Co. v. Basler, 198 Ky. 500, 248 S. W. 1027, appellee in this case was guilty of contributory negligence as a matter of law. Though the "stop, look and listen" doctrine does not prevail in this state, yet where one sees an automobile getting closer and closer to him and it is obvious that it is going to pass him, and despite this knowledge he attempts to cross its path at a time when he must know that the machine is very close to him, he must look and see where the automobile then is before attempting that crossing. If appellee had done this, he would have seen appellant's automobile bearing down on him and only a few feet away. His failure so to do convicts him of contributory negligence as a matter of law.

However, despite appellee's contributory negligence, the court committed no error in overruling appellant's motion for a peremptory instruction because there was a scintilla of evidence that the appellant might under the "last clear chance" doctrine have avoided the accident. This scintilla arises out of the testimony of two witnesses who were riding with appellant, to the effect that some 15 to 30 feet from the point of collision one of these witnesses yelled, "Look out, you are going to hit a man," and the further evidence that appellant could then have sounded her horn in time for appellee

to jump back out of her path, or appellant could within that space have stopped her car and so avoided the accident. Although this is true, yet this case was not submitted to the jury on the "last clear chance" doctrine, but on the instructions above noted. On the case as thus submitted, the verdict is flagrantly against the evidence, because the court told the jury that if appellee's negligence contributed to the accident, as we have seen it did as a matter of law, they should find a verdict for the appellant. This the jury did not do. No matter how erroneous the instructions may be, it is still the duty of the jury to follow them. Lynch v. Snead Architectural Iron Works, 132 Ky. 241, 116 S. W. 693. It is true under the scintilla rule the court would have been warranted in submitting to the jury whether or not appellant could have, despite the contributory negligence of appellee, avoided the accident, but this the court did not do. The court simply submitted to the jury whether or not appellant was negligent, and if so, whether or not appellee's negligence contributed to the accident. As the verdict is flagrantly against the evidence on this issue, the judgment will have to be reversed, with directions to grant the appellant a new trial, and if on the next trial the evidence is substantially as it was on the first, the court will submit only the question of the last clear chance.

Judgment reversed.