## Watkins v. Moren.

(Decided January 24, 1928.)

Appeal from Laurel Circuit Court.

1.  Appeal and Error.—Judgment of appellate court cannot be substituted for that of jury, where there is substantial evidence supporting jury's verdict.

2.   Bills and Notes.—In action on note against payee, who indorsed it
     in blank for delivery to bank as collateral security, evidence that
     person intrusted with note delivered it to holder in return for
     agreement to discharge judgment entered on another note held to
     make issue for jury as to whether holder was holder in due course.

H. C. HAZELWOOD and GEORGE G. BROCK for appellant.

LEWIS, BEGLEY & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Mrs. Dorcas E. Watkins, the appellant, sold to Judge William Lewis a store and office building in London for $3,275. Of this sum $327.50 was paid at the time of the trade and $763.92 was to be paid when the deed was executed and a mortgage held by the Commonwealth Life Insurance Company should be released. Judge Lewis executed his notes for the balance in two equal payments of $1,091.66, each. One note was payable at the end of one year, and one at the end of two years. The appellee, T. G. Moren, was at the time the agent of the Commonwealth Life Insurance Company. Steve Watkins, a son of the appellant, made arrangements with the First National Bank of London to discount the note first due for the purpose of raising a sufficient sum of money to discharge the mortgage which appellant was required to have released before the consummation of the deal. The money was thus raised, but with the money which had been paid by Judge Lewis it lacked a small sum of making up the amount of the mortgage.

The appellant indorsed her name on the back of each of the notes and delivered them to her son George Watkins to be taken by him and delivered to the First National Bank of London, with the understanding on her part that the first note was to be discounted pursuant to the arrangements made by Steve Watkins, and that the other note should be used as collateral for the purpose of obtaining $127.79, which was the sum required to make up the full amount of the mortgage. There is no difficulty about reaching a conclusion as to the purpose that appellant had in mind in indorsing the notes. There is no doubt that it was her intention that the first note should be discounted at the bank and that the second note should be used as collateral. She so testified, and her evidence bears every earmark of the truth. Her son

Steve Watkins corroborated her and she was also corroborated by her son George Watkins.

It appears from the record that the appellee was surety on a note for George Watkins for $1,000, and he claims that George Watkins delivered the note due in two years to him upon his agreement to discharge the $1,000 note which had been reduced to judgment, and that he advanced the additional money required to make up the amount of the mortgage. He testified that the note was delivered to him, and he is corroborated in his testimony to some extent by the others who testified in the case. George Watkins denied that he delivered the note to him, and testified that he delivered it to the bank. When appellant indorsed the note in blank, she parted with the title to it if it passed into the hands of a third party without his having any knowledge of the purpose for which she indorsed it. There can be no dispute about the law governing this case. The attorneys representing the parties do not disagree.

It appears to us that the evidence preponderates in favor of the appellant. Appellee wrote some letters to George Watkins after the transaction which are strongly persuasive that his story of what took place at the time of the transactions when he claims to have come into the possession of the note were not understood by him at the time as they were at the time he testified, but he undertakes to explain that there was a mistake in one of the letters, and that the other has been mutilated to such an extent that its meaning cannot be easily grasped. Reducing this whole case to its lowest terms, we have the testimony of appellee supported by other witnesses that the note was delivered to him by George Watkins and that he had no knowledge of the purpose for which it was indorsed by the appellant, and that he had no notice of any limitation on the right of George Watkins to dispose of the note as he might desire. On the other hand we have the testimony of appellant and her witnesses. Her testimony, of course, does not disclose what took place at the bank at the time appellee claims the note was delivered to him. George Watkins alone testified that the note was not delivered to appellee and that he had no intention of delivering it to appellee. The case was submitted to a jury on instructions which appear to us to have submitted the issues clearly to the jury. We cannot substitute the judgment of this court for the judg-

ment of a jury when there is substantial evidence sup-
porting the verdict of the jury. To do so would be to
violate the letter and spirit of the laws governing our
jury system. If the jury has done an injustice to appel-
lant, it is to be regretted, but there is substantial evidence
to support the verdict, notwithstanding there are suspi-
cious circumstances which leave a doubt in our mind as
to whether the jury reached a correct conclusion. At all
events, the questions were to be decided by the jury, and,
they having decided the questions, we cannot disturb the
verdict.

Judgment affirmed.