## Cumberland Grocery Company v. Hewlett.

(Decided November 26, 1929.)

WILLIAM WADDLE for appellant.

H. C. KENNEDY and J. H. PARRIGIN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In this action by Emma Hewlett against the Cumberland Grocery Company to recover for personal injuries resulting from an automobile accident the jury returned a verdict in favor of plaintiff for $500, and the defendant appeals.

The accident occurred on the afternoon of September, 25, 1928. The automobile that struck Mrs. Hewlett belonged to the Cumberland Grocery Company, and

was being driven by one of its employees. According to Mrs. Hewlett, the accident happened under the following circumstances: She left the Seven Gables Hotel, which is located near the corner of Main and Fifth streets in Burnside, and in company with John Tuttle walked toward the post office. On reaching a point near the post office, Tuttle went into the post office, while she started across the street to a barber shop located near the southwest corner of Fifth and Main streets. When she first saw Mr. Bryant, who was driving the car, he was nearly to Fifth street. When he was about 30 or 40 feet away, she ran or hurried across in front of the car. She was trying to get across before the car came, and thought that she had time to do it. She was almost to the sidewalk when she was struck. When she started across, Mr. Tuttle said something, but she did not understand what he said. She did not think he was close enough to get her.

Marshall Smith testified that he was standing at the corner as Bryant passed him. He would judge that he was going 20 or 25 miles an hour. Mrs. Hewlett was near the sidewalk when struck by the car, which knocked her down, ran over her, and skidded 8 or 10 feet. Hobart Logan, who was near at the time of the injury, could not say, but had an idea that the speed of the car was about 20 or 25 miles an hour. When Mrs. Hewlett started across the street, Bryant was about 25 or 30 yards away. As she was going across the street, and at the time she was hit, Mrs. Hewlett was looking back at Mr. Tuttle. The car ran over her, and went 3 or 4 feet beyond her.

On the other hand, Percy Bryant, the driver of the car, testified that he put on the brakes and tried to stop and avoid the accident when Mrs. Hewlett ran across the street. He thought she was running, or at least walking pretty fast. At the time of the accident he was going not exceeding 15 miles an hour. He put on his brakes, and the brakes took effect. On cross-examination he stated that, when he first saw Mrs. Hewlett, she was on the left side of the street, and had started across the street. At that time he was 20 or 30 steps down the street. When he struck Mrs. Hewlett, she was within a short distance of the sidewalk.

M. O. Bryant testified that he was in the barber shop at the time of the accident. When he came out, Mrs. Hewlett was under the car. When they pulled her out, he asked her how it happened. She said, "I

thought he was going the other way, and I run right in front of him—it was my fault.''

John Tuttle testified that, when Mrs. Hewlett turned to go to the barber shop, he said. ''Look out, here comes a car.'' She replied, ''I think I have plenty of time.'' She then ran across the street on the other side, and stopped suddenly with her back toward where the car was coming from. The car came on and hit her. At that time she was 6 or 8 feet from the sidewalk. She was standing still when the car hit her.

It will be seen that the case is one where plaintiff, knowing that a car some 30 or 40 feet away was approaching, deliberately ran or hurried in front of the car believing that she had time to beat the car across. In the circumstances, there can be no doubt that she was guilty of contributory negligence as a matter of law, and the question should not have been submitted to the jury. Bruce's Adm'x v. Callahan, 185 Ky. 1, 213 S. W. 557; Myers v. Cassity, 209 Ky. 315, 272 S. W. 718; Louisville R. Co. v. Basler, 198 Ky. 500, 248 S. W. 1027. However, it does not follow that defendant was entitled to a peremptory instruction. The driver of the car admits that, when he saw plaintiff, she had started across; that he was then 20 or 30 steps, or 60 or 90 feet, away; and that she was either running or walking fast toward the pathway of the car. The situation thus presented calls for the application of the ''last clear chance'' doctrine, Myers v. Cassity, supra, and it was for the jury to say whether or not the driver of the machine exercised ordinary care to avoid injuring plaintiff after he discovered, or by the exercise of ordinary care could have discovered, her peril. Louisville R. Co. v. Thornberry, 197 Ky. 272, 246 S. W. 812. If the evidence be substantially the same on another trial, the court will instruct the jury as follows:

''You will find for the defendant unless you believe from the evidence that the driver of the car failed to exercise ordinary care to avoid injuring plaintiff after he discovered, or by the exercise of ordinary care could have discovered, her peril, in which event you will find for plaintiff.''

Judgment reversed, and cause remanded for a new trial consistent with this opinion.