## Peak v. Arnett et al.

(Decided March 4, 1930.)

HUBBARD BROS. for appellant.

WOODWARD, HAMILTON & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Damon Peak instituted an action against Cary G. Arnett and wife to recover damages for a personal injury. It was alleged in the petition that plaintiff was struck by the defendants' automobile as a consequence of careless and negligent driving. The defendants denied the charges of negligence and pleaded contributory neg-

ligence upon the part of the plaintiff as a bar to the action. A jury trial resulted in a verdict for the defendants, and the plaintiff was denied a new trial. He seeks a reversal upon the grounds: (1) That the verdict of the jury was flagrantly against the evidence; (2) that the court refused to give an instruction authorizing a recovery under the doctrine of "the last clear chance;" (3) that the court refused to give an instruction respecting the signal light when it showed yellow preliminary to changing to red; and (4) that the instruction which required the plaintiff to refrain from crossing Broadway when the traffic signal light was green for east and west traffic on that street was erroneous.

1. The accident occurred at the intersection of Broadway and Shelby streets in the city of Louisville. Broadway is a very wide street running east and west, and Shelby street, about one-half as wide, runs north and south. Double tracks for street cars intersect at this point, and loading platforms for street car passengers are maintained in Broadway on each side of Shelby street. The traffic there is heavy and it is controlled by a system of signal lights. When the signal light is red, traffic approaching it stops, while the traffic on the intersecting street in the other directions is permitted to proceed. When the signal light turns green, the alternate situation obtains, and the process goes on continuously. A yellow light shows for a brief period between the changes to indicate that a change is impending. There was testimony tending to show that the plaintiff started to cross Broadway when the light was green for the direction he was going, and red against intersecting traffic. When he got near the south street car platform, the lights changed against him and he remained there in a safety zone until they again turned green for him to proceed, and, after taking a few steps, he was struck and injured by the defendants' automobile. It is apparent that he was entitled to recover, if his proof and theory of the case was accepted as true. But the evidence for the defendants tended to show that plaintiff was proceeding against a red light and walked into traffic properly moving eastward on Broadway; that the automobile was moving at a speed of about fifteen or eighteen miles an hour; and that plaintiff walked directly into the side of defendants' car. Obviously, the defendants were entitled to a verdict if the testimony for them was accepted. In that state of the record the court properly submitted to the jury the respective con-

tentions of the parties. Instruction No. 1 set forth the conditions under which the defendants were liable and the plaintiff had a right to recover. No complaint is made of that instruction. At the same time it was the duty of the court to submit the defendants' theory of the case in so far as it found support in the evidence. Shafer v. C. & O. R. Co., 228 Ky. 219, 14 S. W. (2d) 780; Denunzio v. Donahue, 204 Ky. 705, 265 S. W. 299. And that was done by an instruction which told the jury that it was the duty of plaintiff, if the signal was green for east and west bound traffic on Broadway, not to attempt to cross said street until the signal changed. The jury was further advised that in crossing the street it was the duty of plaintiff to exercise ordinary care for his own safety, and if the jury found from the evidence that the plaintiff brought about his own injury by failing to observe the duties imposed upon him as defined by that instruction, then he could not recover if such violation contributed to cause his injury, and but for which it would not have happened. The issues between the parties were submitted to the jury accurately and adequately. It was a case where the difference between the respective claims was sharply defined, and the jury must have found that the contention of the defendants as to how the accident occurred was the true version of the affair. Major Taylor & Co. v. Harding, 182 Ky. 236, 206 S. W. 285; Wight v. Rose, 209 Ky. 803, 273 S. W. 472. The verdict of the jury is not contrary to the evidence. The court has no right to rejudge the judgment of the jury on a question of fact or the credibility of witnesses. It is empowered to set aside a verdict on the ground of insufficient evidence to sustain it only when the verdict is flagrantly and palpably against the manifest weight of the proven facts and circumstances. Louisville & N. R. Co. v. Rowland's Adm'r, 227 Ky. 841, 14 S. W. (2d) 174, 177. Plaintiff produced the testimony of disinterested witnesses that the accident occurred in the manner claimed by him, but the defendants showed by a larger number of witnesses, some of whom were disinterested, that it occurred in the manner claimed by them. A conflict of that kind in the evidence must be resolved by a jury, and a verdict may not be set aside as against the weight of the evidence in cases of that character. Howard v. Louisville R. Co., 105 S. W. 932, 32 Ky. Law Rep. 309; Commonwealth Life Ins. Co. v. Pendleton, 231 Ky. 591, 21 S. W. (2d) 985; Powell v. Galloway, 229 Ky. 37, 16 S. W. (2d) 489.

2. Appellant offered an instruction to the effect that if the driver for the defendants discovered the peril of the appellant in time, by the exercise of ordinary care, to avoid injuring him and failed to do so, and thereby caused the injury to plaintiff, then the law was for the plaintiff. It is not disputed that the doctrine of the "last clear chance" prevails in this state. Where both parties are negligent, the one with the last clear opportunity to avoid the accident, notwithstanding the negligence of the other, is held wholly responsible for it; his neglect being deemed the direct and proximate cause of it. 11 C. J. 281; Louisville R. Co. v. Broaddus, 180 Ky. 298, 202 S. W. 654; Myers v. Cassity, 209 Ky. 315, 272 S. W. 718; Manwaring v. Geisler, 196 Ky. 110, 244 S. W. 292; Paducah Traction Co. v. Walker, 169 Ky. 721, 185 S. W. 119. But the facts of this case afford no basis for the application of that doctrine. Louisville & N. R. Co. v. Philpot's Adm'r, 215 Ky. 682, 286 S. W. 1078. The accident, according to the evidence, happened in one of two ways. Either the plaintiff walked against the defendants' automobile which could not have been avoided by any act of the driver; or the driver, proceeding against a red light, ran the automobile against the appellant. The evidence does not indicate that the plaintiff was in peril until he stepped from a place of safety and the accident happened immediately. The driver of a car is not required to anticipate that a pedestrian seen in a place of safety will leave that place and get in the danger zone until some demonstration or movement on the part of the pedestrian reasonably indicates that fact. Cf. P. Bannon Pipe Co. v. Craig, 211 Ky. 562, 277 S. W. 855. It is argued that certain evidence tended to prove that plaintiff's peril was discovered, or could have been discovered by the exercise of ordinary care. Certain statements of Mrs. Arnett and her sister, Miss Evans, who were riding in the automobile, and of Davis, who was driving the car, are relied upon to sustain the argument. Davis testified that he saw Peak at a time when he was in a place of safety. Peak was not in front of the car and was not close enough to the car to get in front of it when seen by the driver. The car had almost passed Peak, who walked against the car behind the driver's seat. It is not reasonably possible to deduce from the testimony of the driver any basis for an instruction on discovered peril. Mrs. Arnett testified that she saw Mr.

Peak just a second or two before he walked against the car. Miss Evans testified that she saw him walking towards the car and they gasped and exclaimed, "The man is going to walk against the car," but there was no clear chance, or any chance, to prevent the accident after it was discovered that he was in danger. In the case of Ross v. Louisville Taxicab & Transfer Co., 202 Ky. 828, 261 S. W. 590, it was said that the plaintiff might recover notwithstanding his own negligence if, after his peril is discovered, or by ordinary care should be discovered, the driver of the vehicle by ordinary care might avoid the injury to him. But there was testimony to the effect that while plaintiffs were walking rapidly for a distance of twenty-five feet across the street, the taxicab covered a distance of three hundred feet during which time the driver had a plain view of the pedestrians. In such case the right to recover for the injury should not be destroyed by contributory negligence if, notwithstanding that fact, the driver could have avoided striking them. In Myers v. Cassity, 209 Ky. 315, 272 S. W. 718, 720, the accident happened in the country. Appellee was walking along the highway when he saw appellant approaching some three hundred yards distant. Notwithstanding the fact that he knew the automobile was coming, Cassity continued to walk on the side of the road opposite to his own machine which was parked, and then, without looking to see how near the machine had approached, turned across the road towards his own car in the path of the moving automobile. It was held that Cassity was guilty of contributory negligence as a matter of law, but notwithstanding such contributory neglect, there was a scintilla of evidence to the effect that when he was from fifteen to thirty feet from the point of collision a witness yelled to the driver to "look out, you are going to hit a man," and if the horn had been sounded, the appellee might have been saved from the misfortune. Cf. Metts v. Louisville Gas & Elec. Co., 222 Ky. 551, 1 S. W. (2d) 985. The evidence afforded a scintilla to submit to the jury whether under the circumstances a verdict might not have been found for the plaintiff notwithstanding the contributory negligence. Plainly no such case is presented here. Blackman v. Streicher, 205 Ky. 773, 266 S .W. 633. If appellee was guilty of contributory neglect in leaving his place of safety and walking three or four steps into the passing automobile, there was no opportunity by any sort of care to have prevented him

from doing so. Cf. D. H. Ewing's Sons v. Arnold, 199 Ky. 513, 251 S. W. 626.

3. It is also complained that the court refused to give an instruction offered by the appellant to the effect that it was the duty of the driver of the automobile to obey the traffic ordinances of the city of Louisville rela-tive to the signal lights at the intersection of streets. It is now argued that before the signal light turns red there is a transition period during which it shows yellow, and, by the terms of the city ordinance, when the yellow light appears, drivers must be prepared to proceed or stop as the case may be. It was developed by the testi-mony of one witness that the light was yellow when defendants' automobile was fifteen feet west of the load-ing platform, or about one hundred and fifteen feet from the intersection, when he should have prepared to stop. In the first place, the offer was not definite enough to advise the court what type of instruction was desired (Charles Taylor Sons Co. v. Hunt, 163 Ky. 120, 173 S. W. 333; Bowlin v. Archer, 157 Ky. 540, 163 S. W. 477); and in the next place, it was not necessary to give any instruction on the subject, because the accident did not happen while the signal light was yellow, or by reason of any failure of the defendants' driver to make proper preparations for the stop. Cf. Louisville & N. R. Co. v. Woodford, etc., 152 Ky. 405, 153 S. W. 722.

4. As already indicated, the court told the jury that it was the duty of plaintiff not to attempt to cross the street against a red light forbidding travel in that direction. The plaintiff's evidence tended to show that he was proceeding according to the lights, and that the east and west bound traffic should have been stopped; but there was abundant evidence to the effect that when plaintiff proceeded north and ran into the automobile the light was green for the east bound traffic, and, if so, he should have remained in a place of safety until the lights changed. It is said that there was no conflict in the evidence to the effect that when Peak left the safety zone the light was green for him and red against east bound traffic, but there was other testimony that the traffic was moving east in obedience to a green light, while the cross traffic was held up by a red light, at the very moment the plaintiff walked against the defend-ants' moving car. The argument that he had started and had a right to proceed without retracing his steps proceeds upon a misapprehension as to the plaintiff's

own testimony. He testified that he started across the street, and when he got to the street car platform the lights turned against him, whereupon he stopped and waited until the light again changed in his favor. He started again and made three or four steps when he was struck by the car. It is not shown that the lights were changing with such rapidity that a person could make only three or four steps, and there is evidence that the light was against appellant at the time. The plaintiff's case depended upon whether he was proceeding northerly under a green light, as he had a right to do, when the defendants negligently ran their automobile against him in disregard of the red signal light. If such was not found to be the fact, the plaintiff's case failed. The issues were fairly and fully submitted to the jury and it found in favor of the defendants' version of the matter.

The dispute was disposed of by a properly instructed jury and, there being evidence to sustain the verdict, it is conclusive upon the court. Pacific Mutual Life Ins. Co. v. Cash, 224 Ky. 292, 6 S. W. (2d) 239; Louisville & N. R. Co. v. Jones, 222 Ky. 531, 1 S. W. (2d) 972; Watkins v. Moren, 222 Ky. 731, 2 S. W. (2d) 381; Barren Fork Coal Co. v. Cogar Grain & Coal Co., 225 Ky. 270, 8 S. W. (2d) 399; Security Finance Co. v. Cook, 223 Ky. 124, 3 S. W. (2d) 187.

The judgment is affirmed.