## UNDERWOOD v. GARDNER.

Court of Appeals of Kentucky.
June 20, 1952.

Robert Hubbard, Louisville, for appellant.

Shelby M. Howard, Hodgenville, for appellee.

WADDILL, Commissioner.

The appellant, Elmer W. Underwood, a pedestrian, was struck and injured by an automobile driven by the appellee, Arlie Gardner. A verdict denied Mr. Underwood damages. Two principal grounds are urged for reversal: (1) error in failing to instruct on the "last clear chance;" and (2) error in giving instruction No. 3.

Jackson Highway (U. S. 31 E) runs approximately south from Hodgenville to the lower edge of Lincoln farm, then curves eastwardly toward Buffalo. On this curve Magnolia road intersects Jackson Highway from the south. At the junction of these roads there is a sign notifying traffic on Magnolia road to "stop" before entering Jackson Highway.

On December 9, 1949, at about 5:00 p. m., appellant was walking northwardly on Magnolia road, near its center, toward Jackson Highway. When he approached within 100 feet of the intersection, he saw appellee's automobile traveling east around the curve on Jackson Highway. He stated: "I saw it, but I didn't know it was coming down my road; I didn't pay any attention to it when I first saw it." Appellant stated that when he reached a point within some 10 feet of the "stop" sign, he saw appellee's car entering Magnolia road; that he took two or three quick steps to his right and was then struck by appellee's automobile. He further stated that appellee's car was traveling at about 45 miles an hour and that the road at the scene of the accident was sufficiently wide to afford appellee a way to have passed him either on the right or the left side of the road. His testimony was supported by that of his son who saw

the accident. Other witnesses, who reached the scene shortly after the accident, testified that it occurred on the east side of Magnolia road.

Appellee testified that he was on his way home in his 1936 Model Ford automobile, proceeding south on Jackson Highway at the rate of about 25 miles an hour. He stated that it was snowing and getting dark; that he did not see appellant until immediately before the accident, and at that time appellant was near the center of the road and appeared so suddenly that he could not avoid hitting him. His testimony upon this point was: "I never saw him. I had my lights on and he must not have been in the road, else he walked out there. I didn't see him until I had practically done hit him."

■ Appellant offered an instruction to the effect that if appellee, by the exercise of ordinary care, could have discovered the peril of appellant in time to avoid injuring him and negligently failed to do so, and thereby caused the injury to appellant, then the law is for the appellant. The doctrine of the "last clear chance" prevails in this state. Where both parties are negligent, the one with the last clear opportunity to avoid the accident, notwithstanding the negligence of the other, is held wholly responsible for it, his neglect being deemed the direct and proximate cause of it. Peak v. Arnett, 233 Ky. 756, 26 S.W.2d 1035; Myers v. Cassity, 209 Ky. 315, 272 S.W. 718; Manwaring v. Geisler, 196 Ky. 110, 244 S.W. 292; Louisville R. Co. v. Broaddus' Adm'r, 180 Ky. 298, 202 S.W. 654.

■ This Court, in Kentucky & West Virginia Power Co. v. Lawson, Ky., 240 S.W.2d 843, 845, re-examined the problem of when it is proper to give a "last clear chance" instruction. Therein it is written:

"* * * Under some circumstances this Court and others have held that the instruction should be given where the facts indicate the defendant could or should, in the exercise of reasonable care, have discovered the peril. See Short Way Lines, Inc., v. Sutton's Adm'r, 291 Ky. 541, 164 S.W.2d 809.

If we say the defendant should have discovered it, we thereby impose upon him a duty to do so. For our purposes, the real problem is to determine the particular set of circumstances that give rise to that duty. * * *

"It is difficult to over-emphasize the significance of the meaning of each word characterizing the doctrine. The defendant must have the *last* chance. If the plaintiff has an equal opportunity to avoid the accident by some act on his part up to the moment of its occurrence, then the defendant does not have the last chance, and the instruction should not be given. As stated in Cyclopedia of Automobile Law and Practice by Blashfield, Vol. 4, part. 2, section 2802, page 392: 'Where both plaintiff and defendant have opportunities to avoid an accident and plaintiff's opportunity comes as late as defendant's, but plaintiff fails to use reasonable or ordinary care, the last clear chance doctrine is inapplicable, and plaintiff cannot recover, since the case becomes one of concurrent negligence.'"

■ Applying these principles to the facts and circumstances in this case, there is no basis for the application of the doctrine. The evidence discloses that appellee did not discover appellant's peril until the very moment of the accident, and then it was impossible for him to avert it, which establishes the absence of the essential factor of "a reasonable chance" to avoid the accident. Because of appellant's ability to get out of the way up until practically the moment of collision, he was not in the position of peril which the rule requires before the doctrine may be invoked. When his peril became apparent and when it was actually discovered by appellee, it is clear the latter did not have "a reasonable chance" to avoid the accident. A thorough discussion of the last clear chance doctrine may be found in Saddler v. Parham, Ky., 249 S.W.2d 945. Therefore, the court correctly submitted the case to the jury under instructions predicated upon the primary negligence theory. Swift & Co. v. Thompson's Adm'r,

952

308 Ky. 529, 214 S.W.2d 758; Jones v. Gardner, 262 Ky. 812, 91 S.W.2d 520.

Appellant next contends that instruction No. 3, in effect, directed a verdict for appellee. This instruction is plainly an instruction on contributory negligence. It provides that in the event the jury finds from the evidence that appellant failed to perform any of the duties set forth in instruction No. 2, appellant could not recover damages from appellee, even though appellee was guilty of negligence. Under the evidence the court was impelled to give this kind of an instruction.

Perceiving no error that was prejudicial to the substantial rights of appellant, the judgment is affirmed.