## TRAVIS v. EMBRY.

Court of Appeals of Kentucky.
Feb. 20, 1953.

Rehearing Denied May 8, 1953.

James T. Robertson, Louisville, Calhoun & Calhoun, Walter W. Calhoun, Atlanta, Ga., for appellant.

Edwin O. Davis, Mahan, Davis & Mahan and Wallis Downing, Louisville, for appellee.

WADDILL, Commissioner.

Appellant urges reversal of a judgment entered upon a verdict directed for appellee at the close of appellant's case in chief.

There is no substantial controversy concerning the facts of the case. Appellant was employed by the Gordon Food Company at Atlanta, Georgia, and came to Louisville on July 24, 1948, to participate in a parade celebrating a potato festival in St. Matthews, in which his company had a major part. On that day, the parade proceeded out Broadway and then out East Main Street in the direction of St. Matthews, under police escort. At a point on East Main Street, a few hundred yards east of the stock yards, the procession, which included a large number of various kinds of trucks belonging to the Gordon Food Company, was halted by a freight train which blocked the railroad crossing. Main Street at this point is a four-lane highway and because of the presence of the train, no traffic was moving toward Louisville in either of the two west-bound lanes.

The driver of the station wagon, in which appellant was riding, pulled out of the procession and drove to a filling station on the north side of the highway. At this filling station appellant left the station wagon and began taking photographs of the halted parade with a motion picture camera. It was called to his attention that when the train left the crossing the west-bound traffic would obstruct his view of the parade from the north side of the street, and he started walking across the street toward the column of trucks. The trucks were spaced with from ten to fifteen feet between them and occupied the inner east-bound traffic lane of the highway, leaving the outer lane free for the use of vehicles (not in the parade) traveling east.

There was no cross walk at the point where appellant started across the street,

but he declared that he was waved across by a policeman. Appellant crossed the west-bound traffic lanes and reached the center of the street and then proceeded to cross the inner east-bound lane between two of the trucks which were in the parade. He took one step into the outer east-bound traffic lane and at the same time bent forward to look to his right in order to see if any traffic was approaching from the west in the traffic lane in which he was about to enter. At that moment he saw a station wagon driven by Cecil Embry coming toward him at a speed of between 35 and 50 miles per hour. Although the front part of Embry's car did not strike appellant, he was unable to draw his head back before being struck over his right eye by an "outside rearview mirror" which was fastened to the left frame of the windshield of the station wagon.

The evidence further disclosed that Mr. Embry made a statement after the accident to the effect that he was in fault. There is no evidence as to whether or not Mr. Embry saw the appellant, but it is conceded that he did not blow his horn.

Although appellant did not appear to be severely hurt at the time, it later developed that he had suffered a serious nerve injury which required an operation. The medical testimony indicated that he was permanently injured.

Cecil Embry, the driver of the station wagon, died some time later, but from causes unrelated to the accident. This action for damages was brought against his estate.

The court gave a peremptory instruction for the appellee on the ground that the evidence disclosed that appellant was guilty of contributory negligence as a matter of law.

It is insisted for the appellant that the evidence is amply sufficient to submit the case to the jury on the theory that appellee's initial negligence caused the accident. However this may be, the trial court's decision that appellant was guilty of contributory negligence as a matter of law would foreclose any benefit the appellant might derive from a favorable determination of this question, unless we find that the trial court's conclusion in respect to contributory negligence was erroneous. McCarter v. Louisville & N. R. Co., 314 Ky. 697, 236 S.W.2d 933. Therefore, our first concern is the correctness of the trial court's ruling on this question.

Appellant's testimony shows and the physical facts demonstrate that appellant jutted his head into the line of traffic from behind one of the trucks in the parade at a time when the Embry car was only a short distance away. In the brief time elapsing between the deed and the accident it is apparent that Mr. Embry did not have an opportunity to avert the accident.

Appellant testified that he did not have time to withdraw his head from danger after he first saw the Embry car approaching. It follows that if appellant did not have time in which to move his head, then certainly Mr. Embry did not have sufficient opportunity to act in the emergency. Further evidence of appellant's negligence is manifested by the fact that appellant was not struck by the front part of the Embry vehicle, but was injured by an "outside rearview mirror" which was attached to the left side of the station wagon.

KRS 189.570(4)(a) provides:

"Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection shall yield the right of way to all vehicles upon the roadway."

We recognize that appellant's violation of this statute is not conclusive of the question of liability, but this statute is controlling on the question of who had the right of way. Counsel for appellant ingenuously attempts to escape the fact that appellant violated the terms of this statute by claiming that a policeman gave a signal which appellant interpreted to mean that he could cross the roadway at the place in question. Conceding the full force of this contention, nevertheless this did not relieve appellant of his duty to exercise ordinary care for his own safety. This he failed to do. Therefore, we agree with the trial

court's finding that appellant was guilty of contributory negligence as a matter of law. McCarter v. Louisville & N. R. Co., 314 Ky. 697, 236 S.W.2d 933; Nashville, C. & St. L. Ry. Co. v. Stagner, 305 Ky. 717, 205 S.W.2d 493; Cumberland Grocery Co. v. Hewlett, 231 Ky. 702, 22 S.W.2d 97; Bruce's Adm'x v. Callahan, 185 Ky. 1, 312 S.W. 557; Myers v. Cassity, 209 Ky. 315, 272 S.W. 718.

■ It is finally insisted for the appellant that the case should have been submitted to the jury under an instruction on the last clear chance doctrine.

The facts developed in this case were few and relatively simple. It does not appear that the appellant was in any danger from the Embry car in advance of the accident. His peril was not discovered and could not possibly have been discovered by Mr. Embry in time to avoid the accident by any degree of diligence. Thus the doctrine of last clear chance is not applicable to this case. See, Kentucky & West Virginia Power Co. v. Lawson, Ky., 240 S.W.2d 843.

Judgment affirmed.