Ned TURNER, Administrator of the Estate of Rachel Turner, Deceased, Appellant,

v.

Tug FIELDS, Appellee.

Court of Appeals of Kentucky.

Jan. 31, 1958.

C. A. Noble, Sr., Hazard, for appellant.

Reeves & Barrett, Hazard, for appellee.

CULLEN, Commissioner.

Rachel Turner, age 81, sustained personal injuries when she either walked into, or was struck by, the automobile of Tug Fields, on a street in the business section of the city of Hazard. A few months later she died, from other causes. Her administrator brought action against Fields to recover damages for her pain and suffering, and for medical expenses. At the close of all the evidence upon the trial the court directed a verdict for the defendant, and entered judgment dismissing the complaint. The administrator has appealed, contending that the evidence was such as to warrant submission of the case to the jury.

Mrs. Turner was undertaking to cross the street in the middle of a block, where there was no marked cross-walk. The street runs north and south. It has two traffic lanes, and a parking lane on the east side. A line of cars was stopped in the south-bound lane, awaiting the change of a traffic light at the next intersection from red to green. Mrs. Turner, walking from the west side of the street towards the east, stepped from between two of the cars stopped in the south-bound lane, into the north-bound lane. At a point about three and one-half feet east of the eastern edge of the stopped cars, she came in contact with the left front fender of the Fields' car, which was headed north. The occupants of the Fields' car all testified that the driver had brought the car to a stop upon seeing Mrs. Turner, and that she walked into the car. Two witnesses for the plaintiff, one of whom had been sitting in front of a store on the east side of the street, and the other of whom was in a car parked off the east side of the street a short distance to the north and whose observation was made through the rear-view mirror of his car, testified that it appeared to them that the car struck the woman. However, neither of these witnesses made any statement as to the distance the car traveled after coming in contact with the woman, and the circumstances as related by them indicate that the car was stopped practically at the point of impact. Mrs. Turner was not knocked to the ground, but either turned into or was bumped into one of the cars stopped in the south-bound lane.

It is obvious that Mrs. Turner was guilty of contributory negligence, in crossing the street where there was no cross-walk and in not keeping a proper lookout for oncoming traffic. See Travis v. Embry, Ky., 257 S.W.2d 64. Accordingly, liability could be imposed upon the defendant only under some kind of last clear chance theory. There is no basis here for the application of such a theory because there is no evidence that the driver of the Fields' car saw Mrs. Turner in a position of peril within time to avoid striking her. Neither of the two witnesses for the plaintiff testified as to the position of the Fields' car at the moment Mrs. Turner stepped from between the stopped cars, and apparently neither of them saw the Fields' car before the car and the woman came in contact. All of the occupants of the Fields' car stated that the car was only one car length away from her when Mrs. Turner stepped from between the stopped cars. One of the witnesses for the plaintiff said that there was sufficient space on the street to the right of the Fields' car to have enabled the car to pass by Mrs. Turner, but this does not amount to evidence that the driver of the car had a clear chance to use this means of avoiding

the accident. Also, this statement of the witness obviously had reference to the point where Mrs. Turner came in contact with the car, and ignored the fact that the space for passing would progressively be reduced as Mrs. Turner continued to walk across the street.

We think the court properly directed a verdict for the defendant.

The judgment is affirmed.