**490** ∎ ▬▬▬▬▬▬▬▬▬

**James T. GISH, Appellant,**

v.

**Lurtie B. SCOTT, Appellee.**

Court of Appeals of Kentucky.

March 24, 1961.

Rehearing Denied May 12, 1961.

Raymond C. Stephenson, Louisville, for appellant.

Victor W. Ewen, Jones, Ewen & Mac-Kenzie, Louisville, for appellee.

CULLEN, Commissioner.

About 1:00 a. m. on a clear October night James T. Gish undertook to cross on foot a two-lane street in the suburban area of Louisville, and was struck and injured by an automobile driven by Lurtie B. Scott. The street runs north and south; the Scott car was headed south; Gish was crossing from the west side to the east; and he was struck by the left front fender of the car when he was at a point around two feet west of the center line, he having traversed less than half of the street.

In Gish's action for damages against Mrs. Scott the jury found for the defendant and judgment was entered accordingly. Appealing, Gish complains only of errors in regard to the instructions.

∎ Gish claimed that he was crossing at an intersection in an unmarked crosswalk. The evidence for the defendant was that he was crossing at a point some 75 feet south of the intersection. The court refused to give an instruction requested by Gish as to the duty of the defendant to yield the right of way if Gish was crossing at the intersection in an unmarked crosswalk. However, the court submitted interrogatories to the jury asking for a specific finding as to whether or not Gish was crossing at a regular pedestrian crossing. The jury found that he was crossing at a place other than at the regular crossing for pedestrians. In view of this finding Gish could not have been prejudiced by the refusal of the court to instruct that the defendant was required to yield the right of way if Gish was in an unmarked crosswalk at the intersection.

∎ Gish maintains that the court erred in refusing to instruct on the duty of the defendant to sound her horn. The evidence shows that as soon as she saw Gish the defendant applied her brakes and swerved

to the right in an effort to avoid striking him. Had she sounded her horn at the same moment it would have been of no efficacy because it would not have afforded Gish any real opportunity to take proper action to evade being hit. The sounding of a horn can serve no effective purpose to warn a pedestrian unless there is sufficient time available after the warning to enable the pedestrian to take advantage of it. Such was the situation in Halbert v. Lang, 313 Ky. 648, 233 S.W.2d 278. In the instant case the sounding of the horn would have been a futile gesture. Jordon v. Clough, Ky., 313 S.W.2d 581.

 Gish further maintains that he was entitled to a last clear chance instruction. This is on the theory that according to his testimony five seconds elapsed between the time he stepped off the curb and the time he was struck, and during that interval the automobile, traveling at 20 miles per hour, would have gone at least 150 feet; so, he argues, he was in plain vision of the defendant for at least five seconds—sufficient time to enable the defendant to avoid striking him. There are a number of reasons why this argument is not sustainable, but it will be sufficient for us to discuss only one of them.

Gish admitted that there were several cars, including his own, parked along the west side of the street south of the intersection. The defendant and several other witnesses testified that Gish walked into the street from between these cars. Since the jury found specifically that Gish was not crossing at the intersection they must have found that he was crossing at the place where the cars were parked. Therefore the fact must be considered to be established that he came into the street from between the parked cars. This being the fact, he obviously was not in view of the defendant, in a position of peril, for a sufficient period of time to give the defendant a clear chance to avoid the accident. See Turner v. Fields, Ky., 309 S.W.2d 752.

The judgment is affirmed.