# Runge v. Haller.

(Decided December 9, 1930.)

ROBT. C. SIMMONS for appellant.

ODIS W. BERTELSMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

On November 3, 1928, the appellant and plaintiff below, Lizetta Runge, was walking on the side of Latonia avenue in Latonia, Ky., which was bounded at that place by the Mother of God Cemetery, and upon which there was no sidewalk. She had gotten out of an automobile at a nearby junction of streets therefrom with the intent and purpose of going to the races at the Latonia race track, but concluded that, inasmuch as there was no walk on that side of the street, to go to the other side where there was one. It was in the early afternoon just before the opening of the races, and a continuous caravan of automobiles was going to the racing exhibition, traveling on the cemetery side of the street at the time plaintiff concluded to cross it. It is 25 feet wide at that point, and at the immediate time plaintiff concluded to cross it the clogging of the automobiles on her side of the street was such as that many, if not all, of them had stopped. She observed a chance to pass between two of them, and, as she stated, she "just walked fast across," and before she reached the sidewalk on the other side of the street she either ran into, or was struck by, the left fender of

defendant's automobile returning from the race track at a speed of about 15 miles per hour. Her injuries were not serious but more or less painful, and they totally disabled her for a short while, and partially disabled her for a longer period, from performing her regular work. She later filed this action against defendant to recover damages for her injuries so sustained, which she fixed in her petition at the total sum of $3,000, for which amount she prayed judgment. The answer denied the material averments of the petition and pleaded contributory negligence, which was denied by reply, and, upon trial, the jury under the instructions given by the court returned a verdict for defendant, followed by a judgment dismissing plaintiff's petition, and from all of which she prosecutes this appeal.

The only ground argued for a reversal of the judgment is the failure of the court to qualify the contributory negligence instruction by this language, or its substance, "Unless you further believe from the evidence that before the accident the defendant saw, or by the exercise of ordinary care could have seen plaintiff far enough in front of him so that defendant could by the exercise of ordinary care have avoided the injury to plaintiff, but failed to do so, in which latter event you will find for plaintiff." The quotation is taken from the instruction offered by plaintiff's counsel, but which the court declined to incorporate in the given instruction on contributory negligence, and of which no complaint is made, except that it did not contain the qualification.

It will be perceived that the contention of counsel concedes that his client was guilty of contributory negligence, which he seeks to avoid upon the ground that the evidence was sufficient to authorize a submission of what is known as the "Last-Clear-Chance" doctrine, and he relies in support of that contention upon the general law applicable to the subject, and especially the cases of Ross v. Louisville Taxicab Co., 202 Ky. 828, 261 S. W. 590; Myers v. Cassity, 209 Ky. 315, 272 S. W. 718; and Cumberland Grocery Co. v. Hewlett, 231 Ky. 702, 22 S. W. (2d) 97, involving automobile collisions in which the respective plaintiffs were injured.

Defendant relies in support of the court's ruling upon the case of Knecht v. Buckshorn, 233 Ky. 329, 25 S. W. (2d) 727, in which it was held, in accordance with many of our prior decisions where the question was in-

volved, that the last clear chance doctrine contended for could not be relied upon and should not be submitted to the jury, unless there was evidence to show a discovery of plaintiff's impending peril (or, if the accident was at a place where plaintiff had a right to be, the peril could have been discovered by the exercise of ordinary care) in time to have prevented the accident by the exercise of ordinary care on the part of defendant.

The only evidence in this case upon which learned counsel for plaintiff attempts to hinge his contention was that given by plaintiff herself when she said, in substance, that just before she attempted to cross the street she looked from the place where she started and could not see a car approaching from the opposite direction, and she supposed that the distance that one could see in that direction was about "a half a block," and from that it is argued that, if defendant had been on the lookout as it was his duty to do, he might have discovered plaintiff sooner and in time to have avoided injuring her. But the trouble with that contention is that the place where plaintiff was stationed at the time she said that she looked, there was between her and the street an almost solid line of automobiles, as herein before pointed out. She does not testify that she looked up the street as she emerged through that line, and which, if she had done, it is perfectly clear from the testimony in the case she could have seen the approaching automobile of defendant. The witnesses who occupied the automobile immediately in front of which she passed, as well as defendant, testified that, when she emerged through the line of automobiles, defendant was almost upon her (and which plaintiff did not contradict), and he swerved his automobile to his right so as to run it upon the sidewalk in an effort to avoid striking her or to prevent her colliding with it, but that it was impossible because of the impetus of her speed and the narrowed portion of the unoccupied street so as to enable defendant to stop his automobile before the accident happened. The conclusion, therefore, appears to be inescapable that plaintiff's negligence in failing to make the necessary observations for her safety was the proximate cause of her injuries, and that there is no room for the application of the "Last-Clear-Chance" doctrine, since the evidence, unlike that in the cases relied on, furnishes no support for the conclusion that defendant in the exercise of any kind of care could have avoided the accident.

Therefore the offered peremptory instruction by defendant should have been given, but, inasmuch as it was not done, and the jury found for defendant, the error growing out of such refusal was prejudicial to no one.

Wherefore the judgment is affirmed.