## Payne's Adm'r v. Stone.

April 17, 1945.

Julius Leibson for appellant.

Edward J. Hogan for appellee.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

The appellant's case went out in the court below on a peremptory instruction in favor of the appellee, and the only question here presented is whether the trial court should have overruled the appellee's motion for that instruction and submitted the case under the "last clear chance" doctrine.

Broadway and Second Streets, in the city of Louisville, intersect and cross at right angles. Second Street is 37 feet wide and across it, from curb to curb and contiguous to the south line of Broadway, is a 14-foot pedestrian's walkway. On the forenoon of December 28, 1943, the appellant's decedent, Geneva Payne, an adult, was waiting at the southwest corner of the intersection for an east-bound Broadway bus. When the bus approached and stopped at that corner, in obedience to the red traffic light, which was located at the northeast corner, its driver indicated to appellant's decedent that it would be necessary for her to go across Second Street to the southeast corner. In her attempt to do so, she ran into the side of appellee's truck and was killed.

The morning was a rainy one, and the decedent was carrying an open umbrella over her head, or in front of her face, there being some conflict in the evidence on this point. As the driver of appellee's truck approached the intersection from the south on Second Street, travelling at from 15 to 18 miles an hour, he made no effort to observe persons on either side of the street but directed his attention to the traffic light—which was green to the

traffic moving north and south on Second, and from Second into and east on Broadway—to the condition of the intersection ahead of him, and to another vehicle which was some feet in advance. It was when he had reached a point within about 29 feet of the walkway that appellant's decedent, carrying her umbrella as above indicated, dashed from her place of safety to just beyond the center line of the street and into the left side of appellee's truck which, in the intervening instant, had reached and was passing over the walkway. That his decedent was guilty of the grossest negligence in dashing out into the traffic and against the red light seems to be conceded by the appellant, but he insists that the failure of the truck driver to discover her peril and to avert the accident constituted evidence of such negligence on the part of the driver as to make the case one for the jury.

We cannot agree with the appellant. As stated above, the light was green to the traffic moving north and south on Second Street, and from Second Street into and east on Broadway. This being so, it was the duty of the truck driver to obey that signal by proceeding—in the exercise of ordinary care, of course—into and through the intersection. Any other rule would result in congestion and delay of traffic and make of every busy intersection a hazard to life and limb. And to say that the exercise of ordinary care on the part of appellee's driver required him to anticipate that appellant's intestate would disregard the red light and her own safety by dashing halfway across the street and into the side of his truck; or to say that the exercise of ordinary care required the driver, in the split second which intervened, to discover decedent's rashness in time to avert the accident, would be to nullify the rule with respect to contributory negligence and to so extend the last clear chance doctrine as to make the operator of a motor vehicle at a street intersection an absolute insurer. Such an extreme is not supported by any of appellant's cited authorities or by any decision by this court.

Judgment affirmed.