## Swift & Co. et al. v. Thompson's Adm'r.

October 22, 1948.

Rehearing denied December 12, 1948.

**530**

Jouett & Logan and Lester Hogge for appellants.

L. C. Fielder and George I. Cline for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

On the night of April 1, 1946 appellee's decedent, a pedestrian, was struck and killed on U. S. Highway 60 near Morehead by an automobile driven by appellant Wishard. After a trial, the jury returned a verdict for appellee in the sum of $10,000 against Wishard and his employer. Several questions are raised on this appeal which will be discussed after a statement of facts.

The decedent was walking eastwardly on the 18 foot highway about two miles east of Morehead. He was on the paved portion, somewhere between 2 and 6 feet from the berm. The time was approximately 7:00 p. m., and it was dark. Wishard was operating a company automobile in the same direction on the same highway. The decedent was struck by the front end of the automobile, was knocked off the paved portion of the highway, and suffered injuries from which he soon died. Apparently Wishard did not see the deceased until the instant he struck him. He was driving between 40 and 45 miles an hour, and the road was straight for several hundred feet west of the point of collision.

Wishard testified that as he approached the scene of

the accident, two motor vehicles were coming toward him from the opposite direction with headlights burning. These headlights somewhat obscured his vision of the highway directly ahead of him. He had passed the first oncoming vehicle, and just as he passed the second, he struck the decedent.

The only evidence concerning which there is any substantial conflict relates to the headlights on the automobile. A highway patrolman testified he had seen Wishard in his automobile at Morehead approximately 20 to 30 minutes before the accident and one of the lights was not burning. Other evidence in the case indicates both lights were burning.

The first question presented is whether or not appellant's special demurrer to the petition should have been sustained on the ground that appellee was not properly appointed administrator of the decedent's estate. It appears appellee was first appointed administrator on May 3, 1946. Apparently he had failed to file an application for appointment. On March 27, 1947, upon proper application, he was again appointed administrator by the same county court. It is appellants' contention that the first appointment was voidable, and not having been set aside, the second was void. It is insisted this action was brought by the administrator under the second and void appointment. The petition, however, sets out both appointments, and it is manifest that under one or the other appointment, or both, appellee had the legal capacity to bring this suit.

The second question presented is whether or not appellants were entitled to a directed verdict. There was a conflict of evidence regarding the lights on the automobile. It also appears that Wishard did not slacken speed though temporarily blinded by the headlights of oncoming cars, and he failed to see the deceased who was in a position where he might have been seen. Under these circumstances, a determination of the true facts and the inferences of negligence to be drawn therefrom were clearly within the province of the jury. A directed verdict would not have been proper.

Appellant's next contention is that the Court erroneously gave a "last clear chance" instruction which authorized a recovery, even though the deceased was con-

tributorily negligent, if the operator of the automobile discovered, or in the exercise of ordinary care could have discovered, his peril in time to avoid the accident. We are not concerned with the form of the instruction but whether or not it should have been given at all under the facts of this case.

The "last clear chance" doctrine is a humanitarian one, based on the principle that no one may negligently injure another or his property, even though the other is at fault, if the former has an opportunity to avoid the injury after becoming aware of the other's perilous predicament. It is a doctrine of *discovered* peril. Originally this principle was only invoked when the peril was *actually* discovered and the discoverer failed to take steps thereafter to avoid injury. The requirement of actual discovery is adhered to by this Court in cases involving injuries to trespassers on railroad tracks. See Frankfort & C. R. Co. et al. v. Holder's Adm'r, 307 Ky. 11, 209 S. W. 2d 722.

In automobile cases the principle has been extended to allow recovery by a contributorily negligent plaintiff if his peril not only was discovered but should have been discovered by the defendant in the exercise of reasonable care. Some cases have used such language as *"could have been discovered"* or *"might have been discovered."* Perhaps the use of the italicized words indicates a broader concept than this Court has actually followed under the particular circumstances of each case.

In applying the rule, we have consistently recognized that the defendant must, as a matter of fact, have the last *clear chance*. It is not a speculative chance or a possible chance. In each case there must be proven facts which justify the conclusion that the plaintiff's peril *should* have been discovered. Such peril must be reasonably obvious.

The following cases demonstrate clearly the basis upon which "last clear chance" instructions have been upheld. In Dixon v. Stringer et al., 277 Ky. 347, 126 S. W. 2d 448, the plaintiff walked or ran as much as 20 to 34 feet "in full view" of the operator of an automobile on a city street. In Cincinnati N. & C. R. Co. v. Renaker, 287 Ky. 388, 153 S. W. 2d 906, the plaintiff's automobile skidded in front of defendant's motor bus on

a city street. The evidence indicated that the automobile was "in plain view" of defendant's driver and in his path when the bus was more than 100 feet away. In Ramsey v. Sharpley, 294 Ky. 286, 171 S. W. 2d 427, 430, there was evidence the plaintiff, a pedestrian, walked or ran as much as 31 feet "in full view of the driver." In Weintraub v. Cincinnati, N. & C. R. Co., 299 Ky. 114, 184 S. W. 2d 345, the decedent's automobile, which had slipped into the street car rails, was struck by a bus of the defendant on Central Bridge between Newport and Cincinnati. The bus operator observed this condition when 300 feet away but failed to do anything to avoid the accident. A "last clear chance" instruction was authorized because the deceased's peril was obvious.

In the present case it is not shown that the decedent was in plain view or that his peril, under the traffic conditions existing, was obvious. The cases discussed above involved daylight conditions when visibility is markedly different from those after dark. In addition, we must take cognizance of the fact that approaching vehicles require some attention from a driver in the position of Wishard.

Appellee's counsel suggests a common misconception of the principle when he argues in his brief: "Wishard's liability under the last clear chance doctrine began when he was first blinded at or before the crest of the hill which was a minimum of 468 feet from the second pier, the scene of the accident."

There are two reasons why the rule being discussed did not become applicable at the time suggested by appellee. In the first place, the decedent was not imperiled when Wishard's automobile was far distant. There is no proof he was on the paved portion of the highway at that time, but if he had been, he could easily have stepped aside to a place of safety. In the second place, the failure of Wishard to see the decedent at an earlier time, if negligence, was the *antecedent* negligence which, in cases of this sort, is cancelled by decedent's assumed contributory negligence. As stated in Hewitt's Adm'r v. Central Truckaway System et al., 302 Ky. 459, at page 464, 194 S. W. 2d 999, at page 1001: "when the last clear chance rule makes its entry on the stage, all antecedent negligence of either party retires from the case" * * *

See also Braden's Administratrix v. Liston, 258 Ky. 44, 79 S. W. 2d 241; Weintraub v. Cincinnati N. & C. Ry. Co., 299 Ky. 114, 184 S. W. 2d 345; and instructive and exhaustive notes in 119 A. L. R. 1041 and 171 A. L. R. 365.

In the Liston case above we pointed out that when the curtain fell on the antecedent negligence of both parties, a new duty (the literal last clear chance) was thrust upon the defendant. Such new duty does not arise unless the situation has changed so that the perilous position of the plaintiff has become apparent and there is an opportunity to avoid the disaster. In the present case no new development manifested itself to present Wishard with a last chance to avoid the accident. Appellant's liability, if any, must be based upon his initial and continuing negligence.

From what has been said above, it is our conclusion that the "last clear chance" instruction should not have been given. The sole issue in the case is whether the negligence of Wishard, if any, or the negligence of the deceased, if any, or both, was or were the real or proximate cause of this accident.

Appellant criticizes other instructions, but they properly presented the law of the case under the facts proven. Appellant's objection to the testimony regarding the defective headlight is not well taken in view of the principle announced in Kennedy Transfer Company v. Greenfield's Adm'x, 248 Ky. 708, 59 S. W. 2d 978.

For the reasons stated, the judgment is reversed for a new trial consistent with this opinion.