## Settle v. Haynes.

February 17, 1950.

William H. Field, Judge.

Louis H. Jull for appellant.

J. J. Kavanaugh for appellee.

Chief Justice Sims—Affirming.

Andrew W. Settle sued James William Haynes to recover $15,924.64 damages alleged to have been sustained as a result of personal injuries received when struck by the latter's car on the night of July 12, 1947, at the intersection of Jefferson and Hancock Streets in

Louisville. The jury returned a verdict in favor of defendant and plaintiff's sole ground for reversal of the judgment entered thereon is that the court erred in failing to give an instruction he offered on the "last clear chance" doctrine.

Hancock Street runs north and south and Jefferson Street east and west. The former is 40 feet wide and the latter 60 feet wide between curb lines at the point of intersection. The accident happened about 8:45 P. M., while defendant was driving east on Jefferson Street in the middle lane. Plaintiff, a pedestrian, was crossing Jefferson Street, north to south in the crosswalk. There was no traffic light at the intersection and Jefferson Street being a through thorofare, it was not incumbent upon defendant to stop for the intersection.

Plaintiff was 60 years of age at the time, quite deaf and his eyesight was not good. He testified that when he got to the curbing, "I looked down and up both, about two blocks. I did not see any and I started on across and before I got across it hit me. * * * I did not see it until it struck me. * * * I didn't hear no horn or hear nothing." Asked if the lights on the car were burning, he replied, "I don't know; I didn't see any." It was further testified by plaintiff that although he suffered a broken leg, three broken ribs and a severe head injury on July 12, he married nineteen days thereafter on July 31st.

Mrs. Settle testified that she was on Jefferson Street, five doors west of the intersection and saw defendant's car approaching "awful fast". She saw her husband-to-be step off the curb into Jefferson Street but some parked cars obstructed her view and she did not see defendant's car strike him, although she heard the impact. She went to the scene of the accident and saw the glass in the street "about right here," which other testimony showed was near the center of Jefferson Street.

Defendant testified he was driving east in the middle lane between 15 and 20 miles an hour with his lights burning and saw plaintiff step off the curbing about 30 feet in front of his car. He blew his horn, whereupon plaintiff made a lunge or dive to go across the street. Defendant applied his brakes, swerved his car slightly

to the left and stopped within 15 feet. The left head-light of the car hit plaintiff near the center of the street and knocked him 6 or 8 feet. In the car with defendant were his wife, a 14 year old girl and a man, all of whom corroborated him as to the rate of speed he was driving, the sounding of his horn and that the lights on his car were burning.

The court in his instructions set out the usual duties of the driver of the car and told the jury to find for the plaintiff if defendant failed to observe one or more of such duties, unless they believed plaintiff failed to exercise ordinary care for his own safety and that such failure helped to bring about the accident that otherwise would not have occurred. Then followed an instruction defining "ordinary care" and one setting out the measure of damages. No complaint is made of the instructions given but plaintiff insists the court should have given the instruction he offered submitting the "last clear chance" or "discovered peril" doctrine, citing Nowak v. Joseph, 275 Ky. 470, 121 S. W. 2d 939; Dixon v. Stringer, 277 Ky. 347, 126 S. W. 2d 448; Swift & Co. v. Thompson's Adm'r, 308 Ky. 529, 214 S. W. 2d 758; 38 Am. Jur. sec. 215, p. 900.

The authorities cited by plaintiff are to the effect that if defendant discovered plaintiff's peril, or by the exercise of ordinary care should have discovered it, and then failed to use ordinary care and the means at hand to avoid striking plaintiff, the jury should find for the plaintiff since all antecedent negligence vanished when the last clear chance to avoid the accident appeared. When defendant saw plaintiff at the curb he sounded his horn and not knowing plaintiff was deaf, he had the right to assume plaintiff would not dart across the street in front of his car. When plaintiff did this, the uncontradicted proof is that defendant applied his brakes, swerved his car slightly to the left, stopped it within 15 feet, but even such action on his part did not prevent the car from striking plaintiff.

The facts in this case distinguish it from Dixon v. Stringer, 277 Ky. 347, 126 S. W. 2d 448. In the Dixon case there was evidence that the driver was not keeping a lookout, ran a red light, and the boy she struck could have been seen for 30 feet running in the direction of the path of her car. True, in the instant case defendant saw

plaintiff step from the curb 30 feet from his car, but he sounded his horn and was not negligent in assuming plaintiff would stop and not dart directly in front of his car. The record fails to show how defendant could have avoided the accident by the exercise of ordinary care and the means at hand after he saw plaintiff lunge or dart in front of his car. Peak v. Arnett, 233 Ky. 756, 26 S. W. 2d 1035; Runge v. Haller, 236 Ky. 423, 33 S. W. 2d 317.

For the reasons given, the judgment is affirmed.