## Wilson v. Molter et al.

February 20, 1951.

J. Ward Lehigh, Judge.

Ollie James Cohen and Theodore Wurmser for appellant.

Davis, Boehl, Viser & Marcus for appellees.

JUDGE HELM—Affirming.

Appellant, William Bennett Wilson, 26, filed this action against appellees, Ralph A. Molter and Theresa Molter, for personal injuries sustained in an automobile accident on February 29, 1948, on West Jefferson Street in Louisville. Appellant seeks a reversal, maintaining (1) if only one conclusion can be reached from the physical facts of an accident, that theory of the case which supports those facts should control the verdict, otherwise the verdict would be contrary to the evidence and law; (2) it is prejudicial and improper to instruct a jury to find against a pedestrian simply because he crossed a street at a place other than at a regular crosswalk; and (3) appellant was entitled to a last clear chance instruction.

Appellant testified that after attending a picture

show at the Lyric Theatre he was walking west on the south side of Jefferson Street. He lived at the corner on the north side of this street at No. 1033. He walked to the intersection at Eleventh Street; he noticed a car parked in front of 1038 or 1036 on the south side of Jefferson; he started from south to north near a sewer and at or near the crosswalk; he looked both ways. Helpful diagrams and photographs are filed with the record. Eleventh Street is 36 feet wide; West Jefferson at this location is a well-lighted street, 60 feet wide. At that time it was a two-way street, with two east bound and two west bound driving lanes. He states that when he was about the dividing line between the east bound driving lanes, he saw an automobile with "its lights on" coming east at "a high rate of speed," about 60 miles per hour; it was from "three-quarters to a quarter of a block away"; he continued walking toward the north side of the street; he tried to get out of the way of the car but it struck him and knocked him unconscious, and he remembered nothing more until he came to himself at Nichols General Hospital. He suffered fractures of his left leg.

Ruth Young, who says she was walking alone about 50 or 60 feet behind appellant, says she saw him walk to the corner, "look both ways," and start across at the corner. She saw a car coming east about a quarter of a block beyond the intersection, going about 50 or 60 miles an hour; she heard a screech of its brakes when it was "at the intersection"; she saw the accident; appellant was struck at the intersection; his body was carried along the street to about the back end of Charlie Woodson's car; she had been to the Woodson home.

Appellee Ralph Molter, 21, is a son of appellee Theresa Molter. At the time of the accident he was employed as an oiler at Canal Street for the Louisville Gas and Electric Company. He had worked for the Company before he went to the army, and had been working about a year and a half after getting out of the army. He had driven a car since he was 16. He was 20 years of age at the time of the accident and was driving his mother's car. Herman Coslow and R. M. Humphrey, fellow workmen of Molter, were riding in the car with him. Molter says his hours at work were from 3 to 11 p. m. He left his place of work just after 11 p. m. and drove south

to Jefferson Street and was driving east on Jefferson in the right driving lane, a short distance from the curb, at about 25 miles an hour; he had crossed the Eleventh Street intersection and was about 80 feet beyond it when appellant stepped out from the east end of an automobile parked at the curb on the south side of the street and walked directly into the path of his car; when he first saw appellant as he stepped out, he was only about 15 feet from him; he cut his wheels to the left and applied his brakes in an effort to avoid colliding with appellant but he continued to walk into the path of his car and was struck by his right front fender and knocked toward the center of the street; he stopped his car with the left front wheel about the center line of the street.

Coslow and Humphrey corroborated the testimony of Molter. Coslow was sitting in the front seat with Molter. He says that Molter was traveling at about 25 or 30 miles an hour in the traffic lane nearest the curbing, and about three or four feet from the left side of a car parked in front of 1038 West Jefferson Street; that appellant stepped out from behind this car into the path of Molter's car. Humphrey corroborated the statements of Molter and Coslow.

Officers Clarence Prince and Joseph Graves, of the Accident Prevention Squad of the Louisville Police Department, arrived at the scene of the accident a few minutes after it occurred. They found appellant lying on or near the yellow line in the center of the street at a point which, from the testimony and a diagram filed with the evidence, appears to be about opposite No. 1038 West Jefferson Street, and about 90 feet east of the Eleventh Street intersection. The officers testified there was a car parked at the south curb in front of 1038 West Jefferson Street. The officers found one skid mark about 30 feet in length. It began about the line between the two east bound driving lanes and "angled to the left" to the northeast toward the center line. The skidmark "ended at a point some 10 or 12 feet * * * west of the body" lying almost on the center line of the street.

In his brief appellant maintains that if the evidence and physical facts are undisputed, only one conclusion can be reached. That is true. But the evidence here is in sharp conflict, and the physical facts do not support

appellant's contention. Clearly under all the facts and testimony of this case, it was one for the jury.

Appellant contends that the court, in effect, instructed the jury to find against appellant "simply because he crossed the street at a place other than at a regular crosswalk." We do not find this to be correct.

The court, in substance, instructed the jury that it was the duty of appellee to exercise ordinary care to so operate his automobile as not to cause it to come into collision with other persons using the street at that time and place; that this included the duty to have his automobile under reasonable control, and to operate it at a rate of speed that was reasonable, having regard for traffic conditions; to operate it at a rate of speed not greater than 25 miles per hour, unless considering the traffic conditions and use of the street at that time and place such greater speed was not unreasonable, and to keep a lookout ahead for persons in front of him, or so near thereto as to be in danger. The court instructed the jury that if they believed from the evidence appellant was crossing Jefferson Street in the regular crosswalk provided for pedestrians, then it was appellee's duty to yield the right-of-way to appellant, and, if necessary, to slow down or stop in order that appellant might cross the street in safety. The jury was instructed that if appellant failed to perform any one or more of these duties and by reason thereof his car came into collision with appellant and he was thereby injured, then the law is for appellant. In a second instruction the jury was told that it was the duty of appellant to exercise ordinary care for his own safety, and this included the duty to cross the street in the regular crosswalk provided for pedestrians; that if they believed from the evidence he crossed the street at a place other than at the regular crosswalk provided for pedestrians, it was his duty to yield the right-of-way to east bound and west bound traffic on Jefferson Street, including the automombile of appellee, and to exercise for his own safety such increased care as was commensurate with the increased danger, if any. The jury was told that if they believed from the evidence he failed to perform any one or more of these duties and by reason of such, if any, he helped to cause or bring about the accident and injuries of which he complains, then the law is for appellee. These

instructions as to yielding the right-of-way are based on KRS 189.570.

The second instruction as to the duty of appellant, provided that if he did not use the crosswalk but crossed between the intersections, then he should yield the right-of-way to east and west traffic, including appellant's car. This instruction, while not artfully drawn, could not have misled the jury.

Appellant contends that he should have been given a last clear chance instruction, citing Nowak v. Joseph, 275 Ky. 470, 121 S.W.2d 939. Here the first instruction fully covers the theory of appellant under his evidence. According to the testimony for appellee, he was within 15 feet of appellant when he stepped out from behind a parked car. Appellee used the means at hand to avoid striking appellant but was unable to do so because appellant continued to walk into the path of his car. In Settle v. Haynes, 312 Ky. 285, 227 S.W.2d 193, 195, in refusing a last clear chance or discovered peril doctrine instruction, we said: " * * * The record fails to show how defendant could have avoided the accident by the exercise of ordinary care and the means at hand after he saw plaintiff lunge or dart in front of his car. Peak v. Arnett, 233 Ky. 756, 26 S.W.2d 1035; Runge v. Haller, 236 Ky. 423, 33 S.W.2d 317." See Swift and Company v. Thompson's Adm'r., 308 Ky. 529, 214 S.W.2d 758.

After a careful consideration of all the facts and circumstances of this case, we believe the trial court did not err in declining to give a last clear chance instruction.

The jury saw and heard the witnesses. They are the judges of the weight and credibility of the evidence. Appellant's difficulty is that the jury obviously believed appellee and his witnesses, and the police officers who were introduced by appellant. The finding of the jury is supported by the weight of the testimony.

The judgment is affirmed.