**DUNTREATH FARM, Inc. (a Corporation), et al., Appellants,**

**v.**

**Mary RITCHIE et al., Appellees.**

Court of Appeals of Kentucky.

March 21, 1958.

Rehearing Denied Sept. 12, 1958.

I. Jay Miller, Elwood Rosenbaum, Lexington, for appellants.

Robert J. Turley, Oscar H. Geralds, Jr., Mooney & Turley, Lexington, McKnight & Pryor, Georgetown, for appellees.

MONTGOMERY, Judge.

Mary Ritchie and her husband recovered judgment against Duntreath Farm, Inc., and John Beaton in the sum of $11,003.18 for damages resulting from an auto collision. The verdict was based on a last clear chance instruction. The sole question on appeal is whether the evidence justified the giving of such an instruction.

Mary Ritchie, accompanied by Mrs. H. C. Ewell, stopped her car at Dailey's Market on Fourth Street in Lexington. Mrs. Ewell remained in the car while Mrs. Ritchie went into the market. The parking lights were on and the emergency or hand brake was set. It was about 5 o'clock in the evening on December 14, 1955, and was getting dark. Dailey's Market is located on the north side of Fourth Street, which extends east and west and is 33½ feet between curbs.

When Mrs. Ritchie came out of the store, she went to the curb and looked both ways before stepping into the street. Seeing no vehicles, she went around the rear of her car, opened the door on the driver's side, put her groceries in the back (over the seat), and started to get into the car. Her car was parked next to the north curb and headed toward the west. She placed her right foot and leg in the car and sat down, with her left foot and leg still outside the car. The door was opened about 12 to 18 inches and against her left leg. The door was struck on the edge by a truck approaching from the rear of the car. It was owned by Duntreath Farm, Inc., and driven by John Beaton.

Mrs. Ewell corroborated the testimony of Mrs. Ritchie, and said that the dome light in the car came on when the door was opened and was still on when the collision occurred. She also said that the door was open only 6 or 7 inches when hit.

Beaton testified that he was traveling west on Fourth at about 10 or 12 miles per hour, with the headlights burning on his truck. He said that he saw Mrs. Ritchie's

car and there were no other vehicles in sight. He also saw Mrs. Ritchie come out of the market. The truck was about 8 or 9 feet away when the car door opened. Beaton testified:

"Sure, I saw it, and all of a sudden a light in the car came on and the door flew open and that lady came out of the store, and the lady that was in the car reached out and pushed the car door open right in my face."

His testimony conflicts with that of Mesdames Ritchie and Ewell, in that he said that Mrs. Ritchie went around the front of her car and was standing near the front of it when Mrs. Ewell opened the door. He denied that Mrs. Ritchie was either at the door or in the car when it was struck and insisted that she "was kind of back of the door."

The trial court instructed the jury as to the respective duties of the parties and then gave a last clear chance instruction, under which the jury returned its verdict. Appellants say that the evidence was insufficient to show that the driver of the truck "by the exercise of ordinary care could have discovered plaintiff's position of peril a sufficient distance ahead of his truck" to have avoided the accident.

The last clear chance doctrine as applied in automobile cases is fully discussed in Johnson v. Morris' Adm'x, Ky., 282 S.W. 2d 835. The discussion there is approved in Eades v. Stephens, Ky., 302 S.W.2d 117, 119, wherein it was said:

"It was there pointed out that before a last clear chance instruction should be given, the evidence must show as a matter of fact defendant actually had a last clear chance to avoid the accident or to extricate plaintiff from the danger in which plaintiff's own negligence had placed him. The facts surrounding each accident must be taken into consideration, such as the weather, whether it was daylight or dark when the accident happened, the length of time defendant had in which to avoid injuring the negligent plaintiff, and in each case facts must be proven which justify the conclusion that plaintiff's peril could have been discovered by defendant in time for defendant to have avoided injuring plaintiff. Also plaintiff's peril must be reasonably obvious to defendant and defendant must have reasonable time to avoid injuring plaintiff by the use of the means defendant had at hand to prevent the accident."

In Whitesides v. Reed, Ky., 306 S.W.2d 249, 251, the rule is stated:

"It must be shown by evidence that the decedent's peril existed, that the driver had not only a last chance but a clear chance to avoid striking him, and that he negligently failed to do so."

The evidence shows that Beaton saw Mrs. Ritchie as she came from the market and saw her on the street side of her car. The evidence is not clear as to whether the street lights were on, but Beaton said his lights were on, so he should, or could, have seen her by the exercise of ordinary care. There was no other traffic on the street, so there was ample space in which to have avoided striking the car door. Under the circumstances, Beaton could have avoided striking the car door either by not driving so closely to the car or by turning sharply after he saw the door open. The last clear chance instruction was correct.

Judgment affirmed.