Ruby BROWN, Administratrix of the Estate of Marvin Brown, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13902.

United States Court of Appeals
Sixth Circuit.

Jan. 6, 1960.

—————

Wallace H. Spalding, Jr., Louisville, Ky., for appellant.

Robert D. Simmons, Asst. U. S. Atty., Louisville, Ky. (William B. Jones, U. S. Atty., Charles E. Peyton, Asst. U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before SHACKELFORD MILLER, Jr., and WEICK, Circuit Judges, and WILLIAM E. MILLER, District Judge.

PER CURIAM.

The action in the Court below was one for damages for wrongful death brought under the Federal Tort Claims Act. Title 28 U.S.C.A. § 1346(b).

The decedent was struck by a mail truck of the United States Post Office Department at the intersection of Broadway with Third Street in Louisville, Kentucky on January 21, 1958 at about 5:30 a. m.

The case was tried by the District Judge without a jury. The Court handed down a memorandum opinion in which he adopted findings of fact and conclusions of law. He found in favor of defendant and dismissed the complaint.

The deceased was a twenty-five year old newsboy. He was carrying newspapers at the time of the accident. The District Court found that decedent started to walk across "the intersection at the northwest corner and, in a 'dog trot' went diagonally across Broadway beyond the center line and to a point in the east crosswalk about the center of the traffic lane Number 5 where decedent was struck while proceeding across the intersection against a red light." [1]

The mail truck, operated by a postal employee, was proceeding easterly on Broadway in lane Number 5 and entered the intersection under the green light. After passing a west bound vehicle travelling in lane Number 3, the postal employee saw a "white blob" in his path, which turned out to be the decedent, and was unable to avoid striking him.

The District Judge found that the decedent was negligent which "so contributed to his injuries and resulting death that but for his negligence the accident would not have occurred. It is further concluded that the position of peril and danger in which Brown's negligence placed him was not and could not have been discovered by George (postal

---

[1] Broadway was a six lane highway. The lanes were numbered for convenience by the parties. Lane Number 5 was the center lane of the south half of the street. The north half of the street was used for west bound traffic and the south half for east bound.

employee) in time to have avoided the collision."

Appellant argues strenuously that the evidence including the physical facts compels a different conclusion than that reached by the District Judge, and that his findings of fact are not supported by the evidence.

After consideration of all the evidence, together with the inferences to be drawn therefrom, we cannot say that the findings of fact of the District Judge were clearly erroneous. His conclusions of law on the subjects of contributory negligence and last clear chance were in accord with applicable Kentucky law. Jordan v. Clough, Ky., 313 S.W.2d 581; Johnson v. Morris, Adm'x., Ky., 282 S.W. 2d 835; Saddler v. Parham, Ky., 249 S. W.2d 945; Payne's Adm'r v. Stone, 299 Ky. 704, 187 S.W.2d 267.

It follows that the judgment below must be affirmed on the findings of fact and conclusions of law adopted by District Judge Shelbourne.