**Marguerite FERGUSON, et al., Appellants,**

v.

**Richard D. STEVENSON, Jr., etc., Appellee.**

Court of Appeals of Kentucky.

Feb. 2, 1968.

Rehearing Denied June 7, 1968.

Reford H. Coleman, Faurest & Collier, Elizabethtown, for appellants.

J. T. Hatcher, Hatcher & Lewis, Elizabethtown, for appellee.

CLAY, Commissioner.

This an unusual automobile accident case in which the trial court directed a verdict for the appellee. The propriety of this ruling is the issue on appeal.

The collision occurred between a Ford automobile driven by appellant W. L. Ferguson and a Buick automobile driven by appellee's decedent, Carter Harrison. In the Ferguson car were the driver's wife and Clara Johnson. The latter and Harrison were killed. As a result of the directed verdict, neither Ferguson, his wife, nor the administratrix of his guest's estate was allowed recovery, and the jury awarded appellee, executor of Harrison, $13,000.

Ferguson was driving south on the Kentucky Turnpike (I–65), a four-lane, high-speed highway. He planned to go to Elizabethtown but inadvertently passed the exit on his right. After traveling a short distance, he pulled over and stopped in the right-hand emergency lane. He waited until several cars had passed and then started backing up. Because of a traffic island (with curb and guardrails) extending about 100 feet south of the Elizabethtown exit and occupying what would have been the emergency lane area, it was necessary for Ferguson to back out into the right-hand southbound driving lane. The view from the north was unobstructed for several hundred feet. Here is his version (and the only version) of how the accident happened:

"I thought I would back back down there and take the right-hand road, and I glanced in the rear view mirror and I saw a car coming rather rapidly. I would say 75 to 80 miles an hour would be my judgment; so, I though I had better stop, which I did. The next thing I knew, I had been hit."

Harrison's automobile skidded 35 feet and did not deviate from its course of travel.

Our first question is whether appellant Ferguson was negligent as a matter of law. The essential facts are not in dispute. The issue then becomes whether reasonable minds could differ in drawing an inference of negligence from Ferguson's conduct. We do not see how they could. It is difficult to imagine a more dangerous position than the one into which Ferguson voluntarily projected himself. He was backing up in a through driving lane on an interstate highway where the speed limit is 70 miles per hour. The terrible risk involved was apparent. Ferguson must have known that drivers on such highways travel at high speeds and they rely on the nonaccessibility features of such a highway to protect them from the sudden emergence of obstructions. It is clear that Ferguson, in

backing from the emergency lane, did suddenly create a hazard to Harrison's approaching vehicle in the through driving lane. Under no standard could this constitute reasonable care.

KRS 189.290 requires every driver to operate his motor vehicle in a "careful manner". While there are no other statutory standards which cover the particular situation here involved, other traffic regulations throw some light on related violations which constitute negligence. KRS 189.330(4) requires a driver at the entrance to a through highway to yield the right of way to other vehicles which have entered the intersection from the through highway. In effect, when Ferguson backed from the emergency lane into the southbound driving lane, he was entering upon a through highway. KRS 189.440 provides that no person shall start a stopped vehicle "unless and until the movement can be made with reasonable safety". KRS 189.450 provides no person shall stop a vehicle upon the main traveled portion of a highway (with certain exceptions not here applicable). Backing up obviously endangers following traffic more than stopping. Also, considering the direction of movement, Ferguson was on the wrong side of the road, in violation of KRS 189.-300. We are of the opinion the trial court properly found as a matter of law that Ferguson was negligent.

The more difficult question is whether Ferguson's negligence was the sole proximate cause of this accident. If Harrison was negligent, and his negligence was a contributing proximate cause, then appellee could not recover against Ferguson and Ferguson's wife and the administrator of his guest's estate should recover against Harrison's executor. While Ferguson testified that he estimated Harrison's speed at from 75 to 80 miles an hour, we must agree with the trial court that under the circumstances Ferguson was not in a position to give credible evidence of speed. There was no substantial evidence that the speed of Harrison's automobile was a negligent factor of causation in this collision.

This brings us to the question of whether Harrison had a last clear chance. A significant fact was how long Ferguson had been backing up in the driving lane (after coming out of the emergency lane). On the map, a state trooper had marked an X which would indicate that Ferguson had backed up 50 or 60 feet in the driving lane. However, this witness had made a tape measurement from the point of the impact to the point Ferguson's car came to rest just south of the island. His measurement established rather clearly that the Ferguson car had backed up in the driving lane approximately 30 feet. (Less than two car lengths.) Thus the Ferguson car had been in a position of peril but a very few seconds.

The only possible practical way Harrison could have avoided the accident would have been to cut left into the passing lane.

The most significant fact bearing upon the last clear chance question in this case was not established. That fact was the distance between the two automobiles when Ferguson backed out into the driving lane or when he stopped. A reasonable inference to be drawn from Ferguson's own testimony is that the Harrison car was almost upon him when he glanced in his rearview mirror and saw it coming. It is pure speculation on this record as to whether Ferguson's peril would have been obvious to Harrison in time for the latter, in the exercise of reasonable care, to avoid the collision.

We have consistently recognized that the doctrine may be invoked only if there are *proven facts* that establish a last *clear* chance after another's peril should have been discovered. See Swift & Co. v. Thompson's Adm'r, 308 Ky. 529, 214 S.W. 2d 758. The burden is upon the person who invokes the doctrine to prove the necessary elements. Coburn v. Louisville &

N. R. Co., 295 Ky. 530, 174 S.W.2d 775; Floresch v. Merchant's Motor Freight, 8 Cir., 248 F.2d 704. In our opinion there was not sufficient proof on this issue to support a jury finding of Harrison's negligence.

The judgment is affirmed.

All concur.